court, where the judgment of the justice's court was reversed. Thereupon the plaintiff appealed to this court.

The evidence in the justice's court was sufficient to warrant the judgment rendered by the justice, that the flour was purchased by Dieteman with the preconceived design not to pay for the same, and therefore the county court ought not to have reversed the judgment of the justice's court. Morris v. Talcot, 96 N. Y. 100. While the evidence was slight that a demand was made of the defendant Coe before the action was instituted in the justice's court, we think that it was sufficient to warrant the justice in finding that, as soon as the plaintiff learned of the fraud, he rescinded the contract of sale, and acquainted Coe thereof, who refused to surrender the property to the plaintiff. We think the judgment of the county court reversing the justice's judgment should be reversed.

Judgment of the county court reversing the judgment of the justice's court reversed, and the judgment of the justice's court affirmed, with costs. All concur.

---

(22 App. Div. 569.)

### LITCHFIELD v. NORWOOD MFG. CO.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

1. ACTIONS—NATURE—INJURIES TO REALTY.
   An action for injuries done on premises by an occupant after the expiration of his contract, or for those resulting from acts not authorized by or performed pursuant to such contract, is in tort.

2. SAME—RIGHT OF ACTION—VENDOR AND PURCHASER.
   A purchaser of land cannot maintain an action to recover for injuries done to the premises before he acquired title.

3. VENDOR AND PURCHASER—BREACH OF CONTRACT—FORFEITURE
   Defendant purchased all the timber standing upon a certain piece of land. The contract gave him the privilege to enter the premises to cut and remove the trees, which was to be completed by a stated time, and defendant agreed to cut no trees measuring less than 11 inches in diameter. The contract further provided that, upon "completion and performance" of the agreement on its part, defendant should be entitled to a conveyance in fee of any 100 acres on the tract in one body. *Held* that, where it is compelled to pay fully for injuries to the land caused by its cutting trees less than 11 inches in diameter, defendant does not forfeit the right to the 100 acres to which it would have been entitled if it had not cut them.

Appeal from judgment on report of referee.

Action by Edward H. Litchfield against the Norwood Manufacturing Company to recover damages for injuring his land, and to restrain further injuries. From a judgment for plaintiff, defendant appeals. Reversed.

On September 23, 1886, one Gilchrist, under written contract of that date, sold and conveyed all the pine, spruce, and cherry trees and timber upon the tract in question to the defendant, and also the privilege of entering upon the premises for the purpose of cutting and removing the same, and to use all material thereon according to the custom of lumbermen, and for all lumbering purposes, and all creeks, ponds, and waters thereon, and to build dams and overflow the land for the purpose of floating and driving such logs down to the Raquette river. The defendant on its part agreed to cut, of such timber and trees, all such as should be reasonably accessible on said premises, according to the understanding and custom of lumbermen on the Hudson river, and its

tributaries, and as should be suitable for saw logs of the standard description given in such contract, at least one-half within four years from December 1st then next, and the remainder on or before May 1, 1894, and to pay for such logs at the rate of 30 cents per log. The contract also provided that the defendant should have the right to at any time select any 100 acres on the tract in one body, and, upon the "completion and performance" of the agreement on its part, the defendant should be entitled to a conveyance in fee of the same. The contract also further provided as follows: "No trees shall be cut into saw logs that will not measure as much or more than 11 inches in diameter at the stump." The defendant at once entered upon the work under such contract, and it is not claimed but that it paid in full for all the logs taken by it, and that it cut all such trees as were reasonably accessible, and which under the terms of the contract ought to have been cut. On August 26, 1893, Gilchrist conveyed the whole tract to the plaintiff; and on September 6, 1893, he assigned, by writing of that date, to the plaintiff, the above-mentioned contract, and all the rights, privileges, and benefits secured to him thereby, or to which he might be entitled thereunder, and all his rights to enforce the same, and every condition, clause, and covenant therein contained. The plaintiff brought this action to recover damages for injuries done by defendant to such land, and for a perpetual injunction restraining it from further injuring the same. The defendant answered, and, among other things, set up a counterclaim against the plaintiff for work and labor done for him, also for $1,200 by mistake overpaid upon the contract to Gilchrist. The answer also, by way of counterclaim, averred a complete performance of the contract on its part, and asked for a conveyance of the 100 acres selected by it, and known as the "Halsey Farm." The referee held that the action was in tort, based upon the unlawful acts of the defendant, and not upon a breach of the contract, and that, therefore, none of the counterclaims set forth in the defendant's answer could be considered or maintained. He further found that, by the several wrongful acts complained of, the defendant had injured the premises to the extent of $3,425; and he ordered judgment against defendant for that amount, and also that it be perpetually enjoined from doing any further work or acts upon the premises, or any part thereof, and that all further interference or all claim to ownership with or upon the 100 acres known as the "Halsey Farm" be prohibited and enjoined. From the judgment entered upon such report, the defendant brings this appeal.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

N. M. Claflin (Edgar T. Brackett, of counsel), for appellant.
Cantwell & Cantwell, for respondent.

PARKER, P. J. The complaint in this action, fairly construed, may be considered as one based upon the tortious and unlawful acts of the defendant, and not upon a breach of the contract therein referred to. The first wrongful act therein complained of is cutting a road through the tract in question, in October, 1894. This was after the defendant's rights under the contract had expired. It was no work authorized by, or claimed to have been done pursuant to, the contract; and whatever cause of action accrued against defendant therefor was plainly based upon an unlawful trespass upon the lands.

The next injury complained of, viz. for maintaining a dam on Jenkins brook, of a height and for a length of time sufficient to run, not only the logs cut under the contract, but those also cut upon the adjacent tract, and thereby flooding more land and injuring more trees about Lake Madeline than defendant had any authority to do, is also in the nature of an unlawful trespass upon the lands. There

is no covenant or agreement in the contract that the defendant would not use the dam and waters upon the tract for the purpose of running logs cut on the adjacent tract; and any right of action for injuries so done would seem to be one based upon the wrongful and unjustified act, and not upon the breach of any covenant in the contract.

The third injury complained of, viz. the cutting of 42,000 trees under 11 inches in diameter at the stump, whereby the value of the whole tract has been diminished, raises a more serious question. The referee found that 100,000 of such trees had been cut upon the whole tract; that 58,000 of them were necessarily and properly cut for the purposes of lumbering on the tract; and that such cutting was therefore justified under the contract; but that the 42,000 were unlawfully cut, and that the tract was thereby injured to the extent of $2,000. Upon the trial, the plaintiff contended, and the referee held, that this claim was also based upon the wrongful act of the defendant; that it was not a claim for damages arising from a breach of the contract, but from the wrongful cutting of trees which the defendant was unable to justify under the contract. In view of the general character and scope of the complaint, and of the plaintiff's claim in this particular, I think that we should upon this appeal treat such claim as one based entirely upon the defendant's unlawful and wrongful acts done upon the tract in question, and assume that the whole action is one based upon the defendant's torts, and not for damages arising from a breach of the contract.

Such being the case, I am of the opinion that the plaintiff is not entitled to recover for either the $2,000 damages found to have accrued to the premises by reason of the wrongful cutting of the trees, or for the $1,250 damages found to have been occasioned by the unlawful flooding of the lands about Lake Madeline. All of such cutting and flooding was done, and all of such injuries had accrued to the lands, before the conveyance thereof to the plaintiff, and before he had any interest whatever in them. This plainly appears from the evidence in the case, and is also substantially averred in the complaint. The right to recover for such injuries, therefore, had accrued to Gilchrist at the time he conveyed to the plaintiff; and the evidence does not show that such right of action has ever been transferred to this plaintiff. For aught that appears, it still rests in Gilchrist, and may be yet prosecuted by him. The mere conveyance of the lands did not carry such a right of action with it; and the assignment of the contract conveys to the plaintiff only such rights as Gilchrist had and acquired under it. Considering that the plaintiff is not now seeking to recover damages for any breach of that contract, but that his action is one based entirely upon the tortious acts of the defendant,—one similar to an action of "trespass on the case in the nature of waste,"—it seems clear that the cause of action for all injuries done before he acquired the title still rests in Gilchrist, and never passed to him. Robinson v. Wheeler, 25 N. Y. 252; Griswold v. Railway Co., 122 N. Y. 102, 25 N. E. 331. Moreover, from the evidence it appears that the only breach of the contract which can be charged against defendant is the cutting of 42,-

000 small trees; and even this, on the trial, was not treated as an improper exercise of rights under the contract, but as a tortious act done outside and independent of its provisions. Yet the referee, while he refused to entertain the defendant's demand for a conveyance of the 100 acres as a counterclaim, adjudicated that it had no right to ever hereafter make any claim of ownership to the same, and ordered that it be perpetually enjoined from so doing. He made the defendant fully pay for the injuries caused by the cutting of the trees which it had agreed not to cut, and also forfeit the right to the 100 acres to which it clearly would have been entitled if it had not cut them. It would seem that in this respect the judgment goes considerably beyond the issues on trial before him. For these reasons, I conclude that the judgment appealed from cannot be sustained.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.